Case No. 22-4054

# United States Court of Appeals for the Tenth Circuit

CVB, Inc.

*Plaintiff and Appellant,*

v.

Elite Comfort Solutions, Inc., et al.

*Defendant and Appellant.*

---

From The United States District Court,
District of Utah,
Case No. 1:20-cv-00144-DBB,
Hon. David B. Barlow

---

**RESPONSE TO MOTION TO TAKE JUDICIAL NOTICE OF DEFECT IN APPELLATE JURISDICTION AND FOR ORDER DIRECTING PLAINTIFF-APPELLANT TO CURE**

---

**LARSON LLP**
Stephen G. Larson
*slarson@larsonllp.com*
Paul A. Rigali
*prigali@larsonllp.com*
Jeremy T. Varon
*jvaron@larsonllp.com*
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:  (213) 436-4888
Facsimile:   (213) 623-2000

*Attorneys for Plaintiff-Appellant, CVB, Inc.*

Over 10 months after the District Court issued its order dismissing Appellant CVB, Inc.'s ("CVB") First Amended Complaint ("FAC"), Appellees Elite Comfort Solutions, Inc., Future Foam, Inc., FXI Holdings, Inc., Leggett & Platt, Inc., Serta Simmons Bedding, LLC, Tempur Sealy International, Inc., and Brooklyn Bedding, Inc. (collectively, "Appellees") raise for the first time an argument that this Court lacks appellate jursidiction. Appellees make this argument despite their prior contrary concession, case law, statute, and facts establishing this Court's jurisdiction.

# I.
## DISCUSSION

The District Court issued a Memorandum Decision and Order dismissing CVB's FAC on May 23, 2022. App. Vol. V at 1240. Although the District Court dismissed certain claims with prejudice and dismissed the remaining claims without prejudice (*id.*), the District Court did not grant CVB's request for leave to amend the FAC (*id.*; *see* App. Vol. V at 1157 (Plaintiff's Opposition to Defendants' Mot. to Dismiss FAC (requesting in the alternative that the District Court grant CVB leave to amend the FAC))). CVB timely filed a Notice of Appeal on June 21, 2022 (*see* App. Vol. V at 1241-43), and on July 8, 2022, the District Court certified "that the record is complete for the purposes of appeal" (Doc. No. 10925177).

In its Opening Brief filed in this Court on September 15, 2022, CVB included a Statement of Jurisdiction, which states in pertinent part: "This Court has appellate

jurisdiction under 28 U.S.C. § 1291 because Plaintiff appeals from a final judgment, entered on May 23, 2022, which disposed of all of Plaintiff's claims, and Plaintiff timely filed a notice of appeal on June 21, 2022." Opening Br. at 4. In Appellees' Brief filed October 17, 2022, Appellees categorically conceded: "CVB's Statement of Jurisdiction adequately describes the basis for jurisdiction." Ans. Br. at 5. Over five months after making this concession—and over 10 months after the District Court issued the Memorandum Decision and Order dismissing CVB's FAC—Appellees "detected a jurisdictional defect in Plaintiff-Appellant's appeal to this Court." Mot. to Take Judicial Notice of Defect in Appellate Jurisdiction and for Order Directing Plaintiff-Appellant to Cure at 1.

In fact, the District Court's Memorandum Decision and Order dismissing CVB's FAC is a final and appealable order under *Moya v. Schollenbarger*, 465 F.3d 444 (10th Cir. 2006) and Federal Rule of Civil Procedure 15(a)(2). Indeed, Appellees conceded this Court's jurisdiction in their brief. If, however, the Court determines that the District Court's Memorandum Decision and Order is not a final order, that Appellees did not waive the issue of jurisdiction, and that a certification under Federal Rule of Civil Procedure 54(b) is necessary to perfect this appeal, CVB will not oppose obtaining a Rule 54(b) certification.

A. **The District Court's Memorandum Decision and Order Is A Final Decision and Is Thus Appealable**

Appellees' Answering brief stated that "CVB's Statement of Jurisdiction

adequately describes the basis for jurisdiction." Ans. Br. at 5. Although Appellees now argue that this Court lacks jurisdiction, their original analysis was correct. The District Court's Memorandum Decision and Order dismissing CVB's FAC is a final and appealable order under *Moya* and Federal Rule of Civil Procedure 15(a)(2).

In *Moya*, the Court of Appeal identified four categories of dismissal orders. "First, if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable." 465 F.3d at 450 (citation omitted). "Second, where a district court dismissal expressly *denies* the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." *Id.* at 450–51 (emphasis in original) (collecting cases). Third, when the dismissal order expressly *grants* the plaintiff leave to amend, . . . the dismissal is thus not a final decision." *Id.* at 451 (emphasis in original) (collecting cases). Fourth and finally, *Moya* states that "in all other cases, we look to the language of the district court's order, the legal basis of the district court's decision, and the circumstances attending dismissal to determine 'the district court's intent in issuing its order—dismissal of the complaint alone or actual dismissal of plaintiff's entire action.'" *Id.* (quoting *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979)). "If the effect of the district court order is that the plaintiff is

3

effectively excluded from federal court, then the district court must have intended to dismiss the entire action and our appellate jurisdiction is proper." *Id.* (internal quotation marks omitted). Here, the District Court's Memorandum Decision and Order falls squarely into the fourth category of dismissal orders. Under *Moya*, both "the language of the District Court's order" and "the circumstances attending dismissal" demonstrate that the District Court intended to dismiss the CVB's entire action—not just the FAC alone.

Here, although the District Court of Utah dismissed certain claims with prejudice and dismissed the remaining claims without prejudice, the District Court did *not* grant CVB leave to amend the FAC. *See generally* App. Vol. V at 1184-1240; *see also* App. Vol. V at 1157 (Plaintiff's Opposition to Defendants' Mot. to Dismiss (requesting in the alternative that the District Court grant CVB leave to amend the FAC)). Accordingly, CVB may amend "its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the district court did *not* grant CVB leave to amend the FAC, despite CVB specifically requesting this relief and Appellees' instant motion requesting a judgment be entered against CVB should be construed as their refusal to consent to leave to amend the FAC. As such, CVB has been denied leave to file a Second Amended Complaint, and the ruling on the Motion to Dismiss accordingly should be deemed to have finally disposed of the case so that it would not be subject to

4

further proceedings in federal court.

Additionally, this Court has already deemed the District Court's order final by scheduling the instant appeal for oral argument. In cases where "the district court case is still ongoing at the time the appeal reaches this court's attention," and no Rule 54(b) certification has been obtained, this Court has "adopt[ed] the practice of notifying the parties of [its] observation of the apparent jurisdictional defect and giving them a date certain by which to secure Rule 54(b) certification." *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988). Because the Court issued no such notification, the Court has impliedly determined that the lower court's decision is final and that the Court has jurisdiction.

For these reasons, the District Court's underlying order is final, and the Tenth Circuit has appellate jurisdiction.

**B.     Appellees Have Failed to Raise This Issue Before Oral Argument Was Scheduled**

The District Court's Memorandum Decision and Order Granting Defendants' Motion to Dismiss was issued on May 23, 2022. App. Vol. I at 27. CVB timely filed a Notice of Appeal on June 21, 2022. *Id.* On July 8, 2022, the District Court certified "that the record is complete for the purposes of appeal." Doc. No. 10925177. CVB filed its Opening Brief on September 15, 2022 (Doc. No. 10941162); Appellees filed their Brief on October 17, 2022 (Doc. No. 10948383); and CVB filed its Reply Brief on November 7, 2022 (Doc. No. 10953473). On

January 11, 2023, the Court scheduled oral argument for March 22, 2023. Doc. No. 10968547.

Appellees have failed to raise the issue of finality in the more than 10 months that have elapsed since the District Court rendered its final decision. Moreover, Appellees waived the issue of jurisdiction when they stated, "CVB's Statement of Jurisdiction adequately describes the basis for jurisdiction." Ans. Br. at 5.

### C. If this Court Determines the Lower Court's Order Is Not Final, CVB Will Not Oppose a Rule 54(b) Certification

If the Court of Appeals makes the determination that the District Court's Memorandum Decision and Order is not a final order, that Appellees did not waive the issue of jurisdiction, and that a Rule 54(b) certification is necessary to perfect the appeal, CVB will not oppose obtaining a Rule 54(b) certification.

Dated: April 3, 2023                LARSON LLP


                                    By:   */s/ Stephen G. Larson*
                                          Stephen G. Larson
                                          Paul A. Rigali
                                          Jeremy T. Varon

                                    *Attorneys for Plaintiff-Appellant, CVB, Inc.*

# CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION

I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF.

I also certify that any required privacy redactions have been made.

Dated: April 3, 2023　　　　　　　LARSON LLP

　　　　　　　　　　　　　　　　By:　*/s/ Stephen G. Larson*
　　　　　　　　　　　　　　　　　　　Stephen G. Larson

　　　　　　　　　　　　　　　　*Attorney for Plaintiff-Appellant, CVB, Inc.*