**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

CVB, INC.,

　　Plaintiff - Appellant,

v.

CORSICANA MATTRESS COMPANY,
et al.,

　　Defendants - Appellees.

No. 22-4054
(D.C. No. 1:20-CV-00144-DBB-DAO)
(D. Utah)

———————————————————

**ORDER**

———————————————————

Before **HOLMES**, Chief Circuit Judge, and **HARTZ** and **CARSON**, Circuit Judges.

———————————————————

This matter is before the court on Appellees' *Motion to Take Judicial Notice of Defect in Appellate Jurisdiction and for Order Directing Plaintiff-Appellant to Cure*. We also have a response from Appellant.

"[T]his court must always satisfy itself of jurisdiction before addressing the merits" of an appeal. *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). Except in certain circumstances that do not appear to be present here, this court's appellate jurisdiction is limited to review of final decisions. 28 U.S.C. § 1291; *U.S. v. Nixon*, 418 U.S. 683, 690-92 (1974); *Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995).

"[I]n this circuit, 'whether an order of dismissal is appealable' generally depends on 'whether the district court dismissed the complaint or the action. A dismissal of the complaint is ordinarily a non-final, non-appealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.'" *Moya v. Schollenbarger*, 465 F.3d 444, 448-49 (10th Cir. 2006) (citing *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994); and *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974) ("It is well settled that an order dismissing the action, as distinguished from dismissal of the complaint, is a final judgment.") (emphasis omitted)). When a district court dismisses claims without prejudice, "we look to the substance and objective intent of the district court's order" to determine whether, as a practical matter, the dismissal is a final appealable decision. *Moya*, 465 F.3d at 449 (citations and emphasis omitted). In *Moya,* we articulated the following principles to be used in reviewing dismissal orders for finality:

> First, if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable. Second, where a district court dismissal expressly denies the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final. Third, when the dismissal order expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision. Finally, in all other cases, we look to the language of the district court's order, the legal basis of the district court's decision, and the circumstances attending dismissal to determine the district court's intent in issuing its order—dismissal of the complaint alone or actual dismissal of plaintiff's entire action. If the effect of the district court order is that the plaintiff is effectively excluded from federal court, then the district court must have intended to dismiss the entire action and our appellate jurisdiction is proper.

*Id.* at 450-51 (internal quotation marks and citations omitted).

In the dismissal order at issue in this appeal, the district court granted "Defendants' Motion to Dismiss the First Amended Complaint for Failure to State a Claim." In doing so, the district court determined that Defendants-Appellees are entitled to immunity on Plaintiff-Appellant's claims for relief based on petitioning activity, which were dismissed with prejudice. The district court also dismissed Plaintiff-Appellant's non-petitioning-activity claims and state-law claims without prejudice.

In granting Defendants-Appellees' motion to dismiss *the first amended complaint*, the district court did not expressly and unambiguously dismiss the entire action; its decision referred only to the dismissal of the aforementioned categories of claims asserted by Plaintiff-Appellant. Further, the dismissal order did not expressly address whether Plaintiff-Appellant might be permitted to further amend its complaint in an effort to cure the deficiencies that led to the without-prejudice dismissal of the non-petitioning-activity claims. Finally, the district court did not enter final judgment pursuant to Fed. R. Civ. P. 58. Although the absence of the entry of a Fed. R. Civ. P. 58 judgment does not necessarily defeat the finality of a district court's decision, *Constien v. United States*, 628 F.3d 1207, 1211-1212 (10th Cir. 2010), the absence of such a judgment in these circumstances may cause doubt about whether the dismissal order at issue was intended to fully and finally resolve an action.

Under these circumstances, it is unclear whether the district court intended to dismiss only the first amended complaint or the entire action, and, therefore, we are

unable to determine whether the dismissal order at issue is a final appealable decision.

Accordingly, this appeal is ABATED and this matter is REMANDED to the district court

for the limited purpose of conducting any proceedings necessary to clarify whether its

May 23, 2022 "Memorandum Decision and Order Granting Defendants' Motion to

Dismiss" is intended to dismiss the entire underlying district court case or only the first

amended complaint.

Within 30 days of the date of this order, and every 30 days thereafter, the parties

shall file a joint report advising this court of the status of the proceedings on limited

remand. When the district court concludes the proceedings on limited remand, the parties

shall notify this court forthwith.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk